UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FRED POOL and RAQUEL DEFIGUEIREDO,**

        **Plaintiff,**

v.                                                               **Case No: 8:21-cv-2785-VMC-DAB**

**KNAUF GIPS KG, KNAUF PLASTERBOARD TIANJIN CO. LTD. and KNAUF NEW BUILDING SYSTEM (TIANJIN) CO. LTD.,**

        **Defendants.**

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION: MOTION FOR SUMMARY JUDGMENT ON ISSUES PARTICULAR TO THIS CASE (Doc. 53)**
>
> **FILED:** June 13, 2022
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED.**

Plaintiffs Fred Pool and Raquel Defigueiredo filed suit against the Knauf Defendants seeking, among other things, damages related to allegedly defective drywall the Knauf Defendants manufactured and placed into the stream of commerce,

which was later installed in thousands of homes; numerous homeowners and home builders sued. Previously, the cases were part of an extended Multidistrict Litigation proceeding ("MDL") which has since been largely resolved, and the individual cases have been transferred to the districts where the drywall was installed.[1]

The Knauf Defendants seek summary judgment on Plaintiffs' individual claims, arguing that the four-year statute of limitations bars these claims. Because the Court finds that Plaintiffs were aware of issues with the drywall in their home more than four years prior to bringing a claim, their suit is barred. None of the potential exceptions to straight-forward application of the Statute apply. Accordingly, it is respectfully **RECOMMENDED** that summary judgment be **GRANTED** and this case be dismissed.

## I.   BACKGROUND OF THIS CASE

Plaintiffs own a house at 14531 Coronado Drive in Spring Hill, Florida that they purchased February 16, 2007. Doc. 53-2, Plaintiff Profile Form, at 2. Plaintiffs allege that the home contains defective drywall[2] which was installed in the property in 2006,

---

[1] A full background describing the pending drywall litigation in this District is set forth in the Report and Recommendation (being filed herewith) relating to the motion for partial summary judgment that was filed in all of the Middle District of Florida cases.

[2] Plaintiffs contends that Defendants' drywall products containing the ink stamp, "KNAUF-TIANJIN CHINA ASTM C36" and are defective, because the off-gas noxious and corrosive chemicals such as hydrogen sulfide and carbon disulfide.

when the house was constructed. *Id.* at 2; Doc. 53-3, Supp. Plaintiff Profile Form, at 3; Doc. 53-1, Depo. Raquel deFigueiredo, at 24.

Plaintiffs have resided in the home since they purchased it. Doc. 53-1 at 25, 44. Plaintiff Defigueiredo began noticing a sulfur smell in the house around 2009. *Id.* at 38. She also started to notice problems with electrical outlets around 2009 or 2010. *Id.* at 39. Plaintiffs' family had sinus and breathing problems starting a year after they moved in (in 2008). *Id*. at 40. Plaintiffs did not file suit against the Knauf Defendants until March 6, 2018. Defendants thus argue the suit is barred by Florida's four-year statute of limitations.

## II. STANDARD

"A party may move for summary judgment, identifying each claim or defense ... on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is material if it may "affect the outcome of the suit under the governing law." *Id.*

For issues the movant must prove, the "movant must affirmatively show the absence of a genuine issue of material fact, and support its motion with credible

evidence demonstrating that no reasonable jury could find for the non-moving party on all of the essential elements of its case." *Landolfi v. City of Melbourne, Fla.*, 515 F. App'x 832, 834 (11th Cir. 2013) (citation omitted). But for issues the non-movant bears the burden, the movant has two options: (1) point out a lack of evidence to support the nonmoving party's case; or (2) provide "affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." *United States v. Four Parcels of Real Prop. in Greene and Tuscaloosa Cntys.*, 941 F.2d 1428, 1437-38 (11th Cir. 1991) (citation omitted). "The burden then shifts to the non-moving party, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material facts exists." *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006) (citation omitted).

At the summary judgment stage, courts view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Rojas v. Florida*, 285 F.3d 1339, 1341-42 (11th Cir. 2002). It may not undertake credibility determinations or weigh the evidence when reviewing the record. *See Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1237 (11th Cir. 2010). What's more, "[t]he court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

### III. ANALYSIS

**I. Statute of Limitations**

Under Florida law, claims for negligence, property defects, unjust enrichment, breach of warranty, and violation of Florida's Unfair Trade Practices Act are all subject to a four-year statute of limitations. § 95.11(3), Fla. Stat.; *see also Dominguez v. Hayward Indus., Inc.,* 201 So. 3d 100, 101 (Fla. 3d DCA 2015). For purposes of the commencement of the running of the statute of limitations, "[a] cause of action accrues when the last element constituting the cause of action occurs." Fla. Stat. § 95.031.

In the case of a latent defect, the time to file a lawsuit is equitably tolled such that the statute of limitations "runs from the time the defect is discovered or should have been discovered with the exercise of due diligence." Fla. Stat. § 95.11(3)(c). But a plaintiff "need not know the full extent of his injury" to a "legal certainty" for the statute of limitations to commence to run. *Samson v. R.J. Reynolds Tobacco Co.,* No. 96-414, 1997 WL 373475, at *5 (M.D. Fla. June 2, 1997). And while equitable tolling may also exist where a plaintiff is "mislead or lulled into inaction" in some extraordinary way by a defendant, the statute of limitations will not be equitably tolled where a plaintiff cannot show what any defendant "said or did which prevented" the plaintiff from acting on their injury. *Hummer v. Adams Homes of Nw. Fla., Inc.,* No. 8:13-CV1981-T-17AEP, 2014 WL 897083, at *3 (M.D. Fla. Mar. 6, 2014).

Here, Plaintiffs purchased the house at issue in February 2007, after the alleged defective drywall was installed in 2006. *See* Doc. 53, Ex. 2 at 2. In her deposition, Plaintiff Raquel Defigueiredo testified:

**DEFENSE COUNSEL:**

Q. Did you ever notice a smell in the home?

**Plaintiff RAQUEL DEFIGUEIREDO:**

A. Yes.

Q. And describe the smell.

A. Like rotten eggs.

Q. And when did you notice the smell?

A. On about a couple of years after we moved in.

Q. So around 2009?

A. Correct.

*Id.* at Ex. 1, p. 38.

Despite noticing these problems in 2007, Plaintiffs did not file suit until March 2018. Plaintiffs were on notice of a potential invasion of their legal rights more than

four years before filing suit, and their claims are therefore barred by the statute of limitations.

Plaintiffs' response is generic with respect to the six cases where the statute of limitations has been raised. Plaintiffs acknowledge that the four-year limitation applies to the claims in suit and do not dispute Defendants' factual recitation. Plaintiffs do, however, assert that Defendants are "estopped" from raising the limitations defense based on a failure to provide post-sale notice or warnings.

This issue arose during the MDL proceedings (as to other claimants) and was squarely addressed by the presiding District Judge. *In Re: Chinese-Manufactured Drywall Products Liability Litigation*, Civil Action MDL 2047, No. 14-2722, 2020 WL 2488240, at *10 (E.D. La. 2020):

> Plaintiffs collectively contend that Defendants should be estopped from arguing that Plaintiffs were on notice of the defect any earlier than a formal Chinese drywall inspection because Defendants failed to comply with their post-sale duty to warn. Indeed, Florida law recognizes that in some circumstances, manufacturers have a post-sale duty to warn downstream consumers of defects in their products, even after the goods have left the manufacturer's possession or control. [citations omitted] . . .
> This duty is premised on the Restatement (Third) of Torts, which provides that a post-sale duty to warn is triggered when "[a] reasonable person in the seller's position would provide a warning after the time of sale if . . . the seller knows or reasonable should have known that the product poses a substantial risk of harm to persons." Restatement (Third) of Torts, § 10(b)(1).
>
> Even assuming, arguendo, that a post-sale duty to warn does exist, the Restatement (Third) of Torts clarifies that a post-sale duty to warn applies only when "a warning can be effectively communicated to and acted on by those to whom a warning might be provided." Restatement (Third)

of Torts § 10(b)(3). In overseeing this MDL, the Court has become intimately familiar with the distribution process that brought Knauf manufactured drywall into this country. Due to the size and geographic scope of the market and the complexity of the distribution network, the Court concludes that it would not have been reasonably possible for Knauf to identify all those to whom a post-sale duty to warn may have been owed.

Judge Fallon's reasoning and his analysis of Florida law as it applies in these cases is sound and persuasive. Estoppel does not serve to avoid the statute of limitations.

Plaintiffs also make reference to the Consumer Products Safety Commission and asserts that Defendants failed to report and "fraudulently concealed" the product defects. However, Plaintiffs fail to provide any connection between any violation of the Consumer Product Safety Act and their common law claims in this case. Plaintiffs have not shown that application of Florida's statute of limitations principles are affected by possible federal regulatory matters.

## CONCLUSION

In accordance with the foregoing, it is respectfully recommended that the motion for summary judgment (Doc. 53) be **GRANTED** and that the Clerk be **DIRECTED** to enter a final judgment dismissing the case and to close the file.

## NOTICE

A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or

conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

Recommended in Orlando, Florida on October 19, 2022.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record