UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRED POOL and RAQUEL
DEFIGUEIREDO,

    Plaintiffs,

v.                                        Case No. 8:21-cv-2785-VMC-DAB

KNAUF GIPS KG, KNAUF
PLASTERBOARD TIANJIN CO.
LTD. and KNAUF NEW BUILDING
SYSTEM (TIANJIN) CO. LTD.,

    Defendants.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION ON
SUMMARY JUDGMENT ISSUES PARTICULAR TO THIS CASE**

This matter is before the Court on the report and recommendation of Judge David A. Baker, entered on October 19, 2022 (the "Report"). (Doc. 61). Judge Baker recommends granting "Defendants' Motion for Summary Judgment on Issues Particular to This Case and Incorporated Memorandum of Law" (Doc. 53) based on the statute of limitation.

**Background**

This case is one of twenty-five related cases filed against the Knauf Defendants asserting claims under various legal theories for damages from defective drywall manufactured by the Knauf Defendants and placed in the stream of commerce. Specifically, Plaintiffs alleged that components of the drywall

installed in their homes reacted or broke down and released harmful sulfur compounds and other gases.

Plaintiffs' claims were previously pending in a multidistrict litigation in the Eastern District of Louisiana (MDL 09-2047), presided over by District Judge Eldon E. Fallon. Following Judge Fallon's suggestion of remand and further proceedings, these twenty-five unresolved cases were transferred to this district, severed, and filed as separate actions. The cases were uniformly assigned to Judge Baker for pretrial matters, including orders or reports and recommendations as appropriate.

The Knauf Defendants filed one motion for summary judgment in each of these cases addressing common issues, and one motion in each case addressing issues specific to the particular case. **The Report at issue here addresses an issue relating to this particular case: whether Plaintiffs' claims are barred by the applicable statute of limitation.** The Report recommends that the Court grant the motion for summary judgment based on the statute of limitation. Plaintiffs filed an objection to the Report on November 2, 2022. (Doc. 63).

With consent, review of the Report and consideration of any objections was assigned to the undersigned. The case remains under the authority of its assigned district judge in all other respects.

## Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); *Camby v. Davis*, 718

F.2d 198, 199 (4th Cir. 1983); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982). A district court must "make a de novo determination of those portions of the [report and recommendation] to which an objection is made." 28 U.S.C. § 636(b)(1)(C). When no objection is filed, a court reviews the report and recommendation for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006); *Nettles v. Wainwright*, 677 F.2d 404, 409 (5th Cir. 1982).

## Analysis

After careful consideration of the record, including Judge Baker's Report, the Court adopts the Report.

Plaintiffs' home in Spring Hill, Florida, was constructed in 2006, and they purchased the home in 2007. DeFigueiredo began noticing a smell like rotten eggs in 2009. She noticed problems electrical outlets in 2009 or 2010. Yet, Plaintiffs did not file suit until March 2018.

The applicable statute of limitation requires that suit be filed within four years from the time the defect is discovered or should have been discovered by the exercise of due diligence. § 95.11(3)(c), *F.S.* Discovery does not require legal certainty or that plaintiffs know the full extent of the injury; they need only be on notice, through the exercise of reasonable diligence, of the possible invasion of their legal rights. *E.g., Eghnayem v. Boston Sci. Corp.*, 873 F.3d 1304, 1323 (11th Cir. 2017). As Judge Baker notes, Plaintiffs' summary judgment response does not contest the facts just set forth or show why Plaintiffs were not on notice of the possible invasion of their legal rights more than four years before they filed suit.

Instead, Plaintiffs argue that the running of the limitation period was tolled, or the Knauf Defendants are equitably estopped to assert the statute of limitation, because they concealed the alleged defect, violated a post-sale duty to warn consumers of the defect, and failed to notify the Consumer Product Safety Commission of the defect. Judge Baker rejected these arguments, noting Judge Fallon's conclusion in the MDL proceedings that no post-sale duty to warn exists under the circumstances of this case. Judge Baker further reasoned that Plaintiffs had failed to show how the regulatory issue would give rise to fraudulent concealment.

The Court agrees with Judge Baker's findings and conclusions. Fraudulent concealment tolls the running of the limitation period only if it successfully conceals the cause of action from the plaintiff despite the plaintiff's reasonable diligence. *See, e.g.*, *Berisford v. Jack Eckerd Corp.*, 667 So. 2d 809, 811-12 (Fla. 4th DCA 1995); *Burr v. Philip Morris USA Inc.*, 8:07-cv-01429-MSS-EAJ, 2012 WL 5290164, at *3 (M.D. Fla. Sept. 28, 2012), *aff'd,* 559 F. App'x 961 (11th Cir. 2014). Equitable estoppel arises where a defendant has "induced the plaintiff to forbear bringing suit within the applicable limitation period." *Zainulabeddin v. Univ. of S. Florida Bd. of Trustees*, 749 F. App'x 776, 786 (11th Cir. 2018) (citing *Major League Baseball v. Morsani*, 790 So. 2d 1071, 1077 (Fla. 2001)). Neither doctrine applies here. Plaintiffs no later than 2010 had knowledge sufficient to discover their cause of action had they exercised reasonable diligence, so the effect of any concealment

ended, and the limitation period began to run, at that time.  Plaintiffs point to no evidence the Knauf Defendants thereafter induced them to forbear filing suit within the limitation period.

Therefore, the Court adopts the Report, and grants the summary judgment motion on statute of limitation grounds.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. The report and recommendation (Doc. 61) is **AFFIRMED** and **ADOPTED** and **INCORPORATED BY REFERENCE** into this Order for all purposes, including appellate review.

2. "Defendants' Motion for Summary Judgment on Issues Particular to This Case and Incorporated Memorandum of Law" (Doc. 53) is **GRANTED**.

3. The Clerk is directed to enter a final judgment in favor of Defendants Knauf Gips KG, Knauf Plasterboard Tianjin Co. Ltd., and Knauf New Building System (Tianjin) Co. Ltd., and against Plaintiffs Fred Pool and Raquel DeFigueiredo.

4. Following entry of judgment, the Clerk is directed to terminate any

pending motions and deadlines and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 3d day of February, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**